**IN THE UNITED STATES DISTRICT
IN AND FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|             v. | )   C.A. No. 99-CV-787 (GMS) |
| | ) |
| **ALBERT SCHOCK, et al.** | ) |
| | ) |
|     **Defendants.** | ) |

**RESPONSE OF DEFENDANTS ALBERT AND WOLDEMAR SCHOCK
TO THE MOTION OF THE UNITED STATES OF AMERICA
FOR SUMMARY JUDGMENT**

Defendants Albert Schock ("Albert") and Woldemar Schock ("Woldemar") (sometimes collectively "Defendants") respond in opposition to the Motion for Summary Judgment ("Motion") of the United States of America ("IRS"), and in support thereof shows as follows:

    1.    On June 17, 2003, this Court entered an Order granting the IRS's Motion for Summary Judgment against Albert Schock and Woldemar Schock as to certain monetary claims. (Docket #53)

    2.    On July 11, 2003 an appeal was filed by the Defendants, which was dismissed without prejudice on February 3, 2004 by the Third Circuit Court of Appeals based on "…the fact that the order being appealed is not final…".

**MOTION FOR PARTIAL SUMMARY JUDGMENT
AGAINST ALBERT AND WOLDEMAR SCHOCK**

    3.    In the "Joint Status Report" filed with this Court on April 19, 2005, the IRS advised the Court that "[s]ubject to the approval of the Court, the United States will

file a motion for partial summary judgment on the remaining issue <u>within sixty days</u>." (Emphasis added).

    4.    On or about July 1, 2005, the IRS requested, and Defendants did not oppose, the granting of a motion "… for an extension of time and [to] allow the motion for summary judgment to be served on or before August 1, 2005."

    5.    On August 1, 2005, the IRS filed its "Unopposed Motion for an Extension of Time" "… for an extension of time and [to] allow the motion for summary judgment to be served on or before September 1, 2005."

    6.    The IRS did not file its Motion for Summary Judgment on the issue of foreclosure on the tax liens until October 16, 2006, more than one year after the extension granted by the Court to file the Motion.

    7.    Upon information and belief, the IRS has not moved this Court for an Order for a further extension of time to file and serve the motion for summary judgment since the motion of August 16, 2005, and is therefore precluded from filing, serving or proceeding with this Motion based upon the doctrine of laches and the government's failure to abide by the Court orders which it requested.

**MOTION FOR SUMMARY JUDGMENT AGAINST OTHER DEFENDANTS**

    8.    On September 7, 2005, the IRS filed a Motion for Default Judgment against several additional defendants to the complaint which had been filed November 12, 1999, seeking in effect a Declaratory Judgment against these defendants precluding them from asserting any interest in the real property located at 400 South Market Street, Wilmington, Delaware ("Real Property"), which the IRS seeks to sell.

9. The Complaint seeks relief on Counts III and IV, <u>inter alia</u>, to determine the priority of the interests of the defendants and then to sell the Real Property and to distribute the proceeds according to the priority of interests of the parties "as determined by the Court". At no point in the Complaint does the IRS seek a declaratory judgment against any defendant to extinguish or terminate his/her/its right and/or interest in the Real Property.

10. The IRS cannot seek to expand the relief it seeks in the Complaint through a Motion for Summary Judgment based on a default.

11. By its own Memorandum of Law in Support of its Motion for Default Judgment, the IRS asserted "…[a] judgment may now be entered against the defaulting defendants, pursuant to Fed. R. Civ. P. 55(b)(1)." However, since the claim against these defendants was not for a sum certain, the clerk could not enter the Judgment. At no time did the IRS request that Judgment by Default be entered against the defaulting defendants pursuant to Fed. R. Civ. P. 55(b)(2). Where no such request is made, the fact that the Court signed the Order is not relevant.

**DENIAL OF RELIEF SOUGHT BY THE UNITED STATES OF AMERICA**

The IRS should be barred by the Doctrine of Laches from proceeding on this Motion for Summary Judgment seeking to foreclose the tax lien and sell the Real Property, since it has failed to timely pursue its rights granted pursuant to the Court's previous extension Orders.

The IRS should not be permitted to use the device of seeking an Order of Court to sell Real Property to attempt to justify and cure the attempt to deprive other individuals from asserting their rights either in the Real Property or in the proceeds.

                                  HEIMAN, GOUGE & KAUFMAN, LLP

                                  */s/ Henry A. Heiman*
                                  Henry A. Heiman, (DSB # 127)
                                  800 N. King Street, Suite 303
                                  P.O. Box 1674
                                  Wilmington, DE 19899
                                  302-658-1800
                                  302-658-1473 (fax)
                                  hheiman@hgkde.com
                                  Attorney for Albert and Woldemar Schock

November 16, 2006

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                                      )<br>        **Plaintiff,**             )<br>**v.**                                               )<br>                                                      )   CIVIL NO. 99-CV-787 (GMS)<br>**ALBERT SCHOCK et al.**    )<br>                                                      )<br>        **Defendant.**           ) | |

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 16, 2006, I electronically filed the Response of Defendants Albert and Woldemar Schock to The Motion of the United States of America for Summary Judgment with the Clerk of Court using CM/ECF, which will send notification of such filing(s) to the following:

Patricia C. Hannigan, Esquire
U.S. Attorney's Office
1201 Market Street, Suite 1100
Wilmington, DE 19801

      I hereby certify that on November 16, 2006 I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

Beatriz T. Saiz, Esquire
U.S. Attorney's Office
P.O. Box 227
Washington, DC 20044

      */s/ Henry A. Heiman*
      Henry A. Heiman (DSB # 127)
      Heiman, Gouge & Kaufman, LLP
      800 King Street
      Suite 303
      Wilmington, DE 19801
      302-658-1800
      hheiman@hgkde.com