IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 99-787 (GMS) |
| v. | ) |
| | ) |
| ALBERT SCHOCK, ET AL., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

WHEREAS presently before the court is the United States' motion for summary judgment, (D.I. 67);

WHEREAS the court has fully considered the parties' positions as set forth in their papers;

IT IS HEREBY ORDERED THAT:

1. The United States' motion for summary judgment is GRANTED.

2. The United States has valid and subsisting Federal tax liens – by virtue of the tax assessments made against Albert Schock for the trust fund recovery penalty assessments related to the withholding taxes of Schock Brothers, Inc., for the periods ending March 1986 through December 1988 – that attached and remain attached to 400 South Market Street, Wilmington, Delaware, and 105 Cleveland Avenue, Newport, Delaware.

3. The United States has valid and subsisting Federal tax liens – by virtue of the tax assessments made against Woldemar Schock for the trust fund recovery penalty assessments related to the withholding taxes of Schock Brothers, Inc., for the periods ending March 1986 through December 1988, and for the withholding taxes of Kitchen

and Bath Stores, Inc., for periods ending March 1993 through June 1996 – that attached and remain attached to 400 South Market Street, Wilmington, Delaware.

4. The Federal tax liens be foreclosed upon the real property located at 400 South Market Street, Wilmington, Delaware, and 105 Cleveland Avenue, Newport, Delaware.

5. The properties described above be sold by the United States free and clear of the interests of the defendants, and in accordance with the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. §3001, et seq., or by the Internal Revenue Service's Property Asset Liquidation Specialists, and that the proceeds from said sale be distributed in the following order of priority: (1) the administrative costs of the sale; (2) the indebtedness of Albert Schock and Woldemar Schock to the United States; and (3) the remainder, if any, to Albert Schock, Woldemar Schock, or both.


Dated: February 11, 2008           /s/ Gregory M. Sleet
                                   CHIEF, UNITED STATES DISTRICT JUDGE